J-S18016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: B.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.R., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 292 EDA 2023 |

Appeal from the Order Entered January 17, 2023
In the Court of Common Pleas of Monroe County Civil Division at No(s):
CP-45-DP-0000038-2022

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 28, 2023**

Appellant, D.R. ("Father"), appeals from the January 17, 2023 orders entered in the Monroe County Court of Common Pleas that denied Father's Motion to Enforce a Subpoena and declined to impose sanctions or attorney's fees upon the Monroe County Children and Youth Agency ("the Agency"). Upon review, we affirm.

The relevant factual and procedural history is as follows.  On April 22, 2022, the Agency received allegations that Father physically abused his adoptive son, eight-year-old B.R. ("Child"), which prompted the Agency to obtain emergency custody of Child and place him in foster care pending investigation of the allegations.  On May 4, 2022, the trial court adjudicated Child dependent and ordered Child to remain in foster care pending the Agency

_____

[*] Former Justice specially assigned to the Superior Court.

and police investigations. Ultimately, the Agency determined the allegations to be unfounded and the Stroud Area Regional Police Department declined to press charges. Child returned home on June 23, 2022. On August 26, 2022, the trial court issued an order for termination of court supervision, discharged the Agency's temporary legal and physical custody of Child, and dismissed the case.

On August 29, 2022, Father served a subpoena upon the Agency, ordering the Agency to "provide any and all documents relating to [Child's] case including, CAC interview, risk assessments reports, [and] service plans" within 14 days. Order, 8/29/22.

On September 7, 2022, Father filed a motion requesting that the trial court order the Agency to terminate all Agency supervisory services and provide Father with a copy of the risk assessment report. On September 22, 2022, Father again motioned the court to terminate Agency services, enforce the subpoena, and sanction the Agency for failure to comply with both the August 29, 2022 subpoena and the August 26, 2022 order terminating court-ordered services.

The trial court held a hearing on both motions. The court heard testimony from Father; Shenika Wright, Director of Foster Care for Access Services foster care agency; and Michael Perez, Agency Supervisor. The trial court credited Mr. Perez's testimony that 1) the Agency did not provide risk assessment reports to families because they were confidential and 2) the Agency often provides ongoing supervisory services to families after court-

ordered services are terminated because the Agency policy is to have a case open for six months even if it is discharged from court. *See* Trial Ct. Op., filed 3/8/23, at 4, 6. Accordingly, the trial court denied Father's motions.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the court err when they did not allow [Father] to call the Attorney Solicitor as a witness?

2. Did the court err when they did not order the Agency to comply with a court ordered subpoena?

3. Did the court err when they did not order the Agency to provide the risk assessment report?

4. Did the court err when they did not sanction the Agency for not terminating services despite a court order?

5. Did the court err when they did not order attorney's fees to [Father]?

Father's Br. at 5 (some capitalization altered).

Father first avers that the trial court erred when it denied his request to call the Agency's counsel, Elizabeth Weekes, Esq., as a witness under cross-examination during the motions hearing. *Id.* at 12. Father argues that Attorney Weekes included false averments in her responsive legal pleadings, and he should have been able to question Attorney Weekes "as to the inconsistencies of what was written in her pleading, what was testified to at the hearing, and what was actually happening in regard to the case." *Id.* at 14-15. Father failed to preserve this issue.

It is axiomatic that to preserve an issue for appellate review, a party must make a timely and specific objection before the trial court at the earliest possible stage of the proceedings. *In re J.A.*, 107 A.3d 799, 820 (Pa. Super. 2015). This Court "will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." *Id.* (citation omitted).

As the trial court observed, when the trial court ruled that it was inappropriate to call opposing party counsel as a witness, "Father's attorney did not object to the [c]ourt's ruling but, rather, proceeded to call a different witness to testify." Trial Ct. Op. at 3. Upon review, we agree that Father failed to object in a timely and specific manner and, thus, failed to preserve the issue for our review.

In his next two issues, Father contends that the trial court erred when it did not order the Agency to comply with his subpoena and provide the risk assessment report to him. Father's Br. at 15. To support his argument, Father cites boilerplate caselaw and Rules of Civil Procedure regarding subpoenas generally, without explaining whether he is entitled to this document pursuant to the Juvenile Act, 42 Pa.C.S. §§ 6301-6388, the Child Protective Services Law ("CPSL"), 23 Pa.C.S. §§ 6301-6388, or the Rules of Juvenile Court Procedure ("Juvenile Rules"), Pa.R.J.C.P. 1100-1800, which contain special provisions regarding subpoenas and/or the confidentiality of documents in cases regarding children. For example, our Supreme Court has explained that the CPSL mandates the confidentiality of information of child abuse reports

and related information, "with the release of information provided only to certain listed entities in specifically defined circumstances." ***J.F. v. Dep't of Human Servs.***, 245 A.3d 658, 670 (Pa. 2021) (citing Pa.C.S. § 6340(a)).

It is well-settled that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018). Moreover, it is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009). Finally, when defects in a brief impede our ability to conduct meaningful appellate review, we may find certain issues to be waived. ***Hardy***, 918 A.2d at 771.

Father's failure to discuss the interplay between his requested documents, the Juvenile Act, the CPSL, and the Juvenile Rules fatally hampers our ability to provide meaningful appellate review of this issue. In his brief to this Court, Father fails to explain what a risk assessment report is, whether it is confidential, whether an exception applies, and whether a subpoena is the appropriate legal mechanism to view a risk assessment report. Without more, this Court is unable to effectuate meaningful appellate review. Accordingly, these issues are waived.

In his final two issues, Father avers that the trial court erred when it failed to order to the Agency to pay Father's attorney's fees. Father's Br. At 18. Father argues that the trial court should have sanctioned the Agency for acting in bad faith when the Agency failed to provide Father with requested documents and "deliberately and blatantly forc[ed] [Father] to comply with their home visits and services after the [t]rial [c]ourt issued an order terminating such." *Id.* at 22-23.

"We review a trial court's decision to grant or deny attorney's fees for an abuse of discretion." *Morgan v. Morgan*, 193 A.3d 999, 1007 (Pa. Super. 2018). Further, "a party to an action may be awarded counsel fees when another party engages in dilatory, obdurate, or vexatious conduct during the pendency of a matter." *Id.* (citing 42 Pa.C.S. § 2503(7)).

Instantly, the trial court found that the Agency did not violate the August 26, 2022 order which stated "court-ordered services from [the Agency] are no longer needed." Order, 8/26/22. The trial court credited Mr. Perez's testimony that the Agency provides county services that do not require court-involvement and the Agency's process is to have a case open for six months following the triggering incident regardless of court-involvement. Trial Ct. Op. at 5-6 (citing N.T. Hearing, 1/3/23, at 27-29). The trial court concluded that the Agency did, in fact, cease court-ordered services and continued to offer county services. *Id.* at 6. Further, the trial court found that the Agency complied with the August 29, 2022 subpoena to the extent that it could by providing all non-confidential documents in its possession to Father.

The trial court opined, "we found the Agency complied with the [o]rder of August 26, 2022 in ceasing court-ordered services and also in releasing the only [] documents it was permitted to that were requested in the subpoena. Thus, we determined it to be inappropriate to award attorney's fees to Father under these circumstances." Trial Ct. Op. at 7. Upon review, the record supports the trial courts findings that the Agency did not engage in dilatory, obdurate, or vexatious conduct and, therefore, it was not appropriate to impose attorney's fees.

In conclusion, Father's first three claims are waived. In addition, the trial court did not abuse its discretion when it denied Father's request for attorney's fees.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023